**In re Thomas Gerald BRENNAN, Debtor.**

**Bankruptcy No. 90–5–0346–JS.**

United States Bankruptcy Court, D. Maryland.

Feb. 12, 1992.

Marc R. Kivitz, Baltimore, Md., for debtor.

Edmund A. Goldberg, Office of the U.S. Trustee, Baltimore, Md.

John Robinson, Baltimore, Md., trustee.

## MEMORANDUM OPINION GRANTING MOTION FOR RECONSIDERATION AND ALLOWING COMPENSATION TO DEBTOR'S COUNSEL

JAMES F. SCHNEIDER, Bankruptcy Judge.

By memorandum opinion and order dated May 13, 1991, this Court denied all compensation to counsel for this Chapter 13 debtor based upon a perceived conflict of interest in counsel's simultaneous representation of the debtor's wholly-owned corporation which filed a Chapter 7 bankruptcy petition at the same time. For the reasons stated, the Court has reconsidered its opinion and will allow compensation in the amount of $5,555 and reimbursement of expenses in the amount of $305.

1. In the earlier opinion, this Court held that Marc R. Kivitz should be disqualified from representing both Trackside Corporation and Thomas Gerald Brennan, the corporation's alter ego, because of the existence of divided loyalties between the two clients and the prejudice inherent to the creditors of the corporation.

The opinion stated that "an attorney may not file bankruptcy petitions on behalf of both a corporate debtor and an individual who is the corporation's sole stockholder, insider and guarantor. Such dual representation is prohibited because an actual conflict is inherent in the representation of both a corporate debtor and its principal." On reconsideration, it appears that such a holding is unwarranted on the facts of this case. No creditors raised any objection to the dual representation or claimed to have been prejudiced by it. The advisability of adopting a *per se* rule appears in hindsight to be unwise. Counsel for the Bankruptcy Bar Association and counsel for Mr. Kivitz protested against such a blanket prohibition as opposed to a case-by-case approach. They argued that the relatively rare situation where a real conflict might occur does not justify a rule which will make bankruptcy proceedings more complicated and expensive by requiring multiple counsel in cases where their presence would not materially advance the interests of anyone. This Court agrees. Justice Holmes, who

distrusted maxims and general rules, wrote:

> The greatest danger ... is that of being misled by ready-made generalizations, and of thinking only in phrases to which as lawyers the judges have become accustomed, instead of looking straight at things and regarding the facts in all concreteness as a jury would do.
>
> General propositions do not decide concrete cases. The decisions will depend on a judgment or intention more subtle than any articulate major premise.

Quoted in Julius J. Marke, *Vignettes of Legal History*, Second series, 1977, pp. 246–47.

■ 2. In *Tydings v. Berk Enterprises*, 80 Md.App. 634, 565 A.2d 390 (1989), the Maryland Court of Special Appeals stated that

> The test for determining whether there is an impairing conflict is probability, not certainty ... Once the probability of conflict is recognized by the court, the judge may restrain conduct which has the potential for evolving into a breach of ethics before such conduct becomes ripe for disciplinary action.
>
> ... Representation of a corporation as an entity and the majority of its directors, individually, creates a possible conflict of interest for the attorney, particularly where the corporation's interests are adverse to those of the directors
> ...

80 Md.App. at 639, 565 A.2d 390 [citations and quotations omitted].

In the instant case, there was no evidence that the interests of the corporation were adverse to those of the individual. The Court found the conflict to arise from the circumstance of the creditors in Mr. Brennan's Chapter 13 estate being charged by Mr. Kivitz for services which he rendered in the Chapter 7 corporate case. However, this is not a conflict between clients which necessitated disqualification of counsel. Rather, the remedy is to limit compensation in the Chapter 13 case for services rendered in that case only. Whatever potential conflicts might inhere from such dual representation had not arisen by the time the Court raised the issue, after the Chapter 7 case had been closed and the Chapter 13 plan had been confirmed. "The best point to address the issue of the representation of debtors, trustees or creditors' committees in related cases is at the outset of the cases." Bufford, "Multiple Representation," Norton Bankruptcy Law Advisor, July, 1990, p. 9, citing *In re Vanderbilt Associates, Ltd.*, 111 B.R. 347, 353, n. 19 (Bankr., D.Utah 1990) and *In re Parkway Calabasas, Ltd.*, 89 B.R. 832, 835, n. 3 (Bankr., C.D.Cal.1988). "If the court determines that the representation of the related entities is improper, counsel does not risk the loss of fees for work already performed." *Id.*

■ 3. Dual representation of related debtors in Chapter 7 and Chapter 13 was permissible under the circumstances of this case. "Chapter 7 cases should not present the same conflict problems for debtor's counsel as those presented in Chapter 11 cases ... Counsel for a debtor in a Chapter 7 case, unlike one in a Chapter 11 case, need not be disinterested, and court approval is not required." Kelbon, Herman and Bell, "Conflicts, the Appointment of Professionals, and Fiduciary Duties of Major Parties in Chapter", 8 *Bankr.Dev.J.* 349, 374 [1991].

■ 4. Mr. Kivitz committed no wrong for which he deserves to be penalized in the instant case. The Court has determined that a reasonable counsel fee to be paid to him for work performed in conjunction with the Chapter 13 case amounts to $5555, in addition to the reimbursement of expenses in the amount of $305. Because Mr. Kivitz was paid a retainer of $4,880, the balance remaining on a fee of $5,555 equals $675. A payment in the amount of $980 ($675 + $305) will be approved in the order which is annexed.

Motion for reconsideration GRANTED; ORDER ACCORDINGLY.

### ORDER ALTERING AND AMENDING ORDER DENYING FEES TO COUNSEL FOR DEBTOR

Upon consideration of the motion filed by Marc R. Kivitz to alter or amend the Order

of this Court dated May 13, 1991, denying fees to counsel for the debtor, and upon consideration of the affidavit of Thomas G. Brennan, and good cause having been shown, it is this 12th day of February, 1992, by the United States Bankruptcy Court for the District of Maryland

ORDERED that the Order dated May 13, 1991, denying fees to debtor's counsel, be, and the same is hereby stricken; and be it further

ORDERED that the compensation and reimbursement of expenses of Marc R. Kivitz, counsel for the debtor, to the extent of and in the amount of Five Thousand Five Hundred Fifty-five Dollars ($5,555.00) be, and hereby are, approved; and be it further

ORDERED that the Chapter 13 trustee shall disburse to Marc R. Kivitz the sum of Nine Hundred Eighty Dollars ($980.00) as additional compensation, and reimbursement of expenses, as an administrative priority for distribution under the debtor's plan of reorganization.